**UNITED STATES of America, Appellee,**

v.

**Stephen CEA, Defendant–Appellant.**

**No. 756, Docket 90–1245.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 28, 1991.

Decided Jan. 31, 1991.

Jeh C. Johnson, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty. for the Southern District of New York, Paul A. Engelmayer, Jonathan Liebman, Asst. U.S. Attys., New York City, on the brief), for appellee.

Kenneth I. Wirfel, New York City (Kurzman Karelsen & Frank, on the brief), for defendant-appellant.

Before KEARSE, PRATT and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Defendant Stephen Cea appeals from a judgment entered in the United States District Court for the Southern District of New York, following his plea of guilty before Mary Johnson Lowe, *Judge,* convicting him of embezzlement of approximately $756,354 from his employer, Chemical Bank ("Bank"). Cea was sentenced principally to a 25-month term of imprisonment, to be followed by a three-year term of supervised release. On appeal, Cea challenges his sentence, contending that it was based on an erroneous interpretation of "Loss" as that term is used in § 2B1.1 of the United States Sentencing Guidelines ("Guidelines"). We conclude that the entire $756,-

354 was properly viewed as loss and that the sentence was therefore proper.

From 1986 through 1988, Cea was a vice president of the Bank and was in charge of real estate loan closings. In that position, he was responsible for fixing the legal processing fees charged by the Bank to borrowers. In his plea of guilty, entered after the government had presented its case at trial, Cea admitted having embezzled "approximately $750,000 in processing fees, loan processing fees, from borrowers of Chemical Bank in connection with loan documentation prepared by me." The trial evidence revealed that Cea had effected his thefts totaling $756,354 by instructing loan customers to make checks payable to "C.B. Legal Processing" rather than to "Chemical Bank" or "Chemical Bank Legal Processing." Cea then caused the "C.B. Legal Processing" checks to be deposited into accounts maintained by his wife and himself at another bank.

The district court viewed the entire $756,354 as "Loss" within the meaning of § 2B1.1 of the Guidelines and found that Cea's total offense level was 16. Cea contends that the court erred in considering this entire amount to be a loss because the Bank would not have been entitled to retain the amounts it charged as legal processing fees if the amounts received exceeded the Bank's costs. Cea's argument is meritless.

Section 2B1.1 of the Guidelines provides that in a theft or embezzlement case, the defendant's base offense level is to be set with reference to the amount of the victims' loss. The commentary to that section states that " 'Loss' means the value of the property taken...." Guidelines § 2B1.1 Application Note 2. There is no suggestion in the commentaries that loss was intended to be limited to the harm done by the defendant when, for some reason, the amount taken exceeded the harm suffered by the victim. Thus, the § 2B1.1 commentary notes that "[t]he value of property taken plays an important role in determining sentences for theft offenses, because it is an indicator of both the harm to the victim and the gain to the defendant." Guidelines § 2B1.1 *Background.* *Cf.*

*United States v. Parker,* 903 F.2d 91, 105 (2d Cir.) (sentence properly based on total amount of money in hijacked payroll car even though robbers, after taking that car several blocks away, transferred to their own car and made off with only part of the money), *cert. denied,* —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990).

Giving "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e) (1988); *see United States v. Shoulberg,* 895 F.2d 882, 884 (2d Cir.1990), we conclude that the court properly viewed Guidelines § 2B1.1, as elucidated by the commentary, as requiring that Cea be sentenced on the basis of the entire $756,354 he took. Cea himself was not entitled to any of that money. If the premise of Cea's challenge to the sentence is wrong, then the entire $756,354 belonged to the Bank, and the Bank suffered a loss in that amount. If, on the other hand, Cea is correct in his contention that the Bank was not entitled to receive as much as it was charging for legal processing fees (fees fixed by Cea himself), then the Bank presumably must repay the excess to its customers. In that event, the total loss to the Bank is the amount it is entitled to keep plus the amount it must repay, or $756,354. If the Bank was not entitled to the entire sum it charged and is nonetheless not required to repay the excess to the overpaying customers, those customers have been victimized to the extent of the overcharges, and the Bank and the borrowers together suffered a total loss of $756,354.

In sum, on any hypothesis, Cea took $756,354, he gained $756,354, and the total loss suffered by his victim or victims was $756,354. We conclude that the district court properly applied the Guidelines.

The judgment of conviction is affirmed.