UNITED STATES of America

v.

**Kenneth L. BAUM, Defendant.**

**Crim. No. 91–60–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 23, 1991.

Paul G. Cassell, Asst. U.S. Atty., U.S. Dist. Court, Norfolk, Va., for U.S.

Charles R. Burke, Virginia Beach, Va., for defendant.

ORDER

REBECCA BEACH SMITH, District Judge.

Defendant was convicted of fraud in obtaining home loans, and the court sentenced defendant to twelve months imprisonment and $4,050 in fines on September 23, 1991. The court granted defendant's request to delay reporting to serve his sentence for thirty days, while the Bureau of Prisons made a designation of institution for incarceration. On October 2, 1991, defendant filed notice of his appeal, and this matter comes before the court on defendant's motion, filed October 4, 1991, to stay execution of his sentence of imprisonment and fine pending appeal. For the reasons stated below and at defendant's sentencing hearing on September 23, 1991,[1] the court DENIES defendant's motion for stay of execution.

Rule 9(c) of the Federal Rules of Appellate Procedure imposes the burden on the defendant to establish that "defendant will not flee or pose a danger to any other person or to the community *and that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal* or in an order for a new trial." Fed.R.App.P. 9(c) (emphasis added). Although the court does not find that defendant is likely to flee or pose a danger to any other person or to the community, the court cannot conclude that the appeal is not taken for purpose of delay or that defendant's appeal raises a substan-

---

1. The facts presented in support of defendant's motion to stay execution and the legal ground being raised on appeal were all fully considered and addressed by the court at defendant's sentencing hearing on September 23, 1991. No new matters are raised by the current motion.

tial question of law or fact likely to result in reversal of the sentence imposed.[2]

Defendant has appealed this court's application of United States Sentencing Guideline § 2F1.1(b)(1), which contains a table that increases the offense level based on the amount of the "loss" resulting from offenses involving fraud or deceit. The court found as a fact that the amount of the loss was $263,200, the amount defendant fraudulently induced the banks to lend him. Thus, the court measured the loss by the value of the loans deceptively obtained. Defendant contends that the banks' security interest in the houses should offset or reduce the loss to the banks, thus making the amount of loss $0.00 and reducing his guideline range from 12–18 months to 0–6 months.[3] Defendant's actions, however, fall squarely within the application notes of the sentencing guidelines.

The guidelines define "loss" as "the value of the property *taken*, damaged, or destroyed," U.S.S.G. § 2B1.1, Commentary, note 2 (Nov.1990) (emphasis added) (by cross-reference from U.S.S.G. § 2F1.1, Commentary, note 7), and recognize that actual loss is often difficult to calculate and often cannot be done with exact precision. For instance, note 8 provides:

> The amount of the loss need not be precise.... The court need only make a reasonable estimate of the range of loss, given the available information. The estimate may be based on the ... nature and duration of the fraud.... The offender's gross gain from committing the fraud is an alternative estimate that ordinarily will understate the loss.

**2.** Defendant pleaded guilty and is not contesting that plea. Therefore, reversal of his conviction or an order of new trial are not at issue. The only issue is the calculation and imposition of his guideline sentence.

**3.** Defendant's position is speculative because it assumes as a matter of fact that the property is saleable and that its sale price will completely offset the loan amounts, even in the currently depressed real estate market. No such evidence, however, was before the court.

**4.** At defendant's sentencing, the court also recognized application note 7 to U.S.S.G. § 2F1.1, which addresses determining the amount of the

U.S.S.G. § 2F1.1, Commentary, note 8. Here, defendant's gross gain is the loan amounts fraudulently obtained, that is, $263,200.

However, U.S.S.G. § 2F1.1, Commentary, note 10, acknowledges that "[i]n a few instances, the total dollar loss that results from the offense may overstate its seriousness." As an example, the Sentencing Commission cites "understating debts to a limited degree in order to obtain a substantial loan which the defendant genuinely expected to repay.... In such instances, a downward departure may be warranted." *Id.* This application note of the guidelines, therefore, addresses fraudulent action very similar to defendant's and leaves the decision to depart downwardly within the court's discretion, if the loss overstates the seriousness of the offense. This court concludes that the loss calculated by the loan amounts that defendant fraudulently induced does not overstate the seriousness of defendant's offense. Regardless of whether defendant intended to pay back the loans, he subjected the banks to the risk of losing the entire loan amounts. However, because defendant's loans were not yet in default, and in consideration of defendant's assertions, he was given the lowest sentence in his guideline range.[4]

Moreover, the majority of the circuits have similarly interpreted the guidelines in calculating loss from fraud offenses. *See, e.g., United States v. Brach*, 942 F.2d 141, 143 (2d Cir.1991) ("For sentencing purposes, it is enough to recognize that Brach put [the victim] at risk for the full amount

"loss" for "attempts," i.e., when the fraud is not completed. That application note states, in pertinent part:

> In keeping with the Commission's policy on attempts, if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss. For example, if the fraud consisted of attempting to sell $40,000 in worthless securities, or representing that a forged check for $40,000 was genuine, the "loss" would be treated as $40,000 for purposes of this guideline.

U.S.S.G. § 2F1.1, Commentary, note 7. This application note remains instructive for this case.

of $250,000."); *United States v. Johnson,* 941 F.2d 1102, 1114 (10th Cir.1991) (victim's reacquisition of property through foreclosure does not diminish defendant's culpability and responsibility for the fraudulent scheme he masterminded); *United States v. Cockerham,* 919 F.2d 286, 289 (5th Cir.1990) ("loss includes the value of all property taken, even that recovered or returned"); *United States v. Johnson,* 908 F.2d 396, 398 (8th Cir.1990) ("[D]efendant's offense level should not turn on whether or not the banks recovered some of their potential loan losses. Rather, the focus for sentencing purposes should be the amount of the possible loss which [the defendant] attempted to inflict on the banks."). *See generally United States v. Cea,* 925 F.2d 56, 57 (2d Cir.1991) (in embezzlement case, "loss" not limited to harm done by defendant "when, for some reason, the amount taken exceeded the harm suffered by the victim"); *United States v. Parker,* 903 F.2d 91, 105 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 201, 112 L.Ed.2d 162 (1990) (in bank robbery case, "[p]roperty removed from its rightful owner is properly considered taken even if it is immediately thereafter recovered").

Thus, this court finds no reason to believe that the Fourth Circuit would depart from the nearly unanimous resolution of the question by other circuits, and defendant, therefore, has not raised an issue on appeal likely to result in reversal of the sentence imposed.[5] *See United States v. Steinhorn,* 927 F.2d 195, 196 (4th Cir.1991) (adopting the definition of "substantial question" first proposed by the Eleventh Circuit in *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)). Accordingly, defendant's motion for stay of execution of his sentence is DENIED.

It is so ORDERED.

---

5. *See supra* note 2.