**UNITED STATES, Appellee,**

v.

**Private E2 Marvin L. HARTFIELD, United States Army, Appellant.**

**ARMY 9801827.**

U.S. Army Court of Criminal Appeals.

30 June 2000.

For Appellant: Colonel Adele H. Odegard, JA; Major Scott R. Morris, JA; Major Jonathan F. Potter, JA; Captain Daniel E. Goldman, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Major Patricia A. Ham, JA (on brief).

Before CAIRNS, Senior Judge, BROWN, and VOWELL, Appellate Military Judges.

## OPINION OF THE COURT

BROWN, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of desertion terminated by apprehension, larceny (two specifications), and forgery, in violation of Articles 85, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 921, and 923 [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to Private E1, and confinement for twenty-four months. Pursuant to the appellant's pretrial agreement, the convening authority approved the adjudged sentence, but suspended confinement in excess of nine months for a period of fifteen months.

In this Article 66, UCMJ, 10 U.S.C. § 866, appeal, the appellant alleges that the staff judge advocate's (SJA) post-trial recommendation (SJAR) pursuant to Rule for Courts-Martial 1106 [hereinafter R.C.M.] failed to reflect accurately the finding as to one larceny specification (Specification 2 of Charge I) and that, as a result, the convening authority made his clemency decision based on inaccurate information. The appellant asks us to set aside the convening authority's action and to remand the case for a new SJAR and action. We agree that the finding as to Specification 2 of Charge I, as reflected in the SJAR and in the promulgating order, is in error. We will provide appropriate relief in our decretal paragraph.

## BACKGROUND

Among his crimes, the appellant used a stolen credit card to purchase goods and services in over 100 transactions within a three and one-half week period. The govern-

ment charged him with stealing the credit card (Specification 1 of Charge I) and stealing approximately $4,921.78 from the financial institution that issued the credit card (Specification 2 of Charge I). In the stipulation of fact, entered into pursuant to his plea agreement, the appellant detailed forty-two retail purchases and admitted to sixty-seven long-distance telephone calls, all of which he charged to the stolen credit card. During the providence inquiry, the military judge properly noted that the thefts of telephone services were not cognizable under Article 121, UCMJ. *See Manual for Courts–Martial,* United States (1998 ed.), Part IV, para. 46c(1)(h) (iv) and para. 78c. The military judge allowed the trial counsel to amend the specification orally on the record by deleting the larceny of services allegations.[1] Accordingly, he found the appellant provident only to the larcenies associated with the forty-two retail purchases for a value of approximately $4,623.00. The military judge correctly noted that the stipulation of fact did not need to be changed and, at the conclusion of the providence inquiry, entered a finding of guilty to Specification 2 of Charge I, as amended.

The SJAR failed to advise the convening authority of the correct findings based on the amendment to Specification 2 of Charge I. The appellant and his counsel failed to comment on this error in the appellant's R.C.M. 1105 submission. The addendum to the SJAR did not address this error. Consequently, the promulgating order fails to reflect the correct findings.

## DISCUSSION

Clearly, the SJAR contained an erroneous finding. Equally clear, the defense counsel had an opportunity, if not an obligation, to bring matters "believed to be erroneous, inadequate, or misleading" to the attention of the SJA. R.C.M. 1106(f)(4). The failure of the defense counsel to comment "shall waive later claim of error with regard to such matter in the absence of plain error." R.C.M. 1106(f)(6).

Because the appellant's trial defense counsel did not comment on the error, we consider the claim of error waived and will test for plain error. *See United States v. Powell,* 49 M.J. 460 (1998). In the appellant's case, the SJAR clearly contained an error that was plain and obvious. Therefore, we must determine whether the error materially prejudiced a substantial right of the appellant. *See Powell,* 49 M.J. at 463–64; *see also* UCMJ art. 59(a), 10 U.S.C. § 859(a). Because the error occurred in the post-trial SJAR, we apply the test for material prejudice articulated by the Court of Appeals for the Armed Forces [hereinafter CAAF] in *United States v. Wheelus,* 49 M.J. 283, 289 (1998). In *Wheelus,* CAAF reiterated its belief that, because clemency is a highly discretionary function exercised by a convening authority, only a " 'colorable showing of possible prejudice' " is necessary to establish material prejudice to the substantial rights of the appellant under Article 59(a), UCMJ. *Wheelus,* 49 M.J. at 289 (quoting *United States v. Chatman,* 46 M.J. 321, 323–24 (1997)). Finally, we note the guidance of our superior court that, when the appellant has not been prejudiced by an error in post-trial processing, "the Courts of Criminal Appeals preferably should say so and articulate reasons why there is no prejudice." *Wheelus,* 49 M.J. at 289.

The appellant's case provides this court with our first opportunity to address the interplay between *Powell* and *Wheelus* in assessing whether relief is merited for unpreserved post-trial errors in the SJAR.[2] We interpret these precedents to require the application of *Powell's* first two prongs—error that is plain, clear, or obvious—and to substitute *Powell's* third prong with *Wheelus'* lower threshold—a colorable showing of possible prejudice—in determining whether the appellant was prejudiced. We envision this

---

1. The deletion of the larceny of services allegations effectively changed the inception date of the offenses detailed in Specification 2 of Charge I; however, the specification was not amended to reflect the new inception date. We will correct this date in our decretal paragraph.

2. Our superior court has addressed this interplay in a limited context. *See United States v. Hensley,* 52 M.J. 391 (2000); *United States v. Finster,* 51 M.J. 185 (1999).

*Powell–Wheelus* interplay to be relevant in cases involving errors in the SJAR that have been waived by trial defense counsel's failure to comment.

 Turning again to the appellant's case, we hold that the misstatement in the SJAR, while careless, had no possible prejudicial impact on either the appellant's clemency request or the convening authority's action. In fact, in his brief, the appellant asserts this error but alleges no specific prejudice from the error. Given the seriousness of the desertion, forgery, and larceny offenses of which the appellant was convicted, a misstatement that reported to the convening authority the amount of the larceny as "$4,921.78" rather than "$4,623.00" is inconsequential. This is particularly true when the larcenies relating to the long-distance telephone calls were properly documented in the stipulation of fact. *See* R.C.M. 1001(b)(4). Under the circumstances of this case, the appellant has not made any colorable showing of possible prejudice. Finding no possible prejudice to the appellant under *Wheelus,* we hold that this error in the SJAR did not materially prejudice a substantial right of the appellant. *See* UCMJ art. 59(a). Accordingly, we find no plain error under *Powell.*

The appellant also alleges as error that the convening authority failed to provide the appellant credit in the promulgating order for the appellant's 109 days of pretrial confinement. We are satisfied, however, that the appellant received the correct confinement credit at the Regional Correctional Facility, Fort Sill, Oklahoma. *See* Appendix to Government Motion to Attach Sentence Computation Worksheet.

The court affirms only so much of the finding of guilty of Specification 2 of Charge I as finds that the appellant did, at or near Fort Leonard Wood, Missouri; St. Robert, Missouri; Rolla, Missouri; Birmingham, Alabama; Black Rock, Arkansas; Macon, Georgia; Southhaven, Mississippi; Thomaston, Georgia; Griffin, Georgia; Dothan, Alabama; Panama City, Florida; Atlanta, Georgia; Leeds, Alabama; Villa Rica, Georgia; Riverdale, Georgia; and Holly Spring, Mississippi, on not less than forty-two occasions on or between 4 April 1998 and 22 April 1998, steal U.S. currency of a value of approximately $4,623.00, the property of Advanta Bank Corporation. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the principles in *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), and the entire record, the sentence is affirmed.

Senior Judge CAIRNS and Judge VOWELL concur.