**UNITED STATES, Appellee,**

v.

**Specialist Alfredo M. SANCHEZ, United States Army, Appellant.**

**ARMY 9900286.**

U.S. Army Court of Criminal Appeals.

30 Jan. 2001.

For Appellant: Colonel Adele H. Odegard, JA; Major Jonathan F. Potter, JA; Captain David S. Hurt, JA (on brief).

For Appellee: Colonel David L. Hayden, JA; Lieutenant Colonel Edith M. Rob, JA; Major Mary E. Braisted, JA (on brief).

Before TOOMEY, Senior Judge, HARVEY, and NOVAK, Appellate Military Judges.

### OPINION OF THE COURT

HARVEY, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of wrongful appropriation (two specifications), larceny (seven specifications), burglary, and housebreaking, in violation of Articles 121, 129 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 929 and 930 [hereinafter UCMJ]. Because of an inaccurate recommendation by the acting staff judge advocate (SJA), the convening authority purported to approve findings of guilty of one specification of wrongful appropriation and eight specifications of larceny, as well as the burglary and housebreaking specifications. In accordance with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, sixteen months of the adjudged twenty-four months of confinement, forfeiture of all pay and allowances, and reduction to Private E1. This case is before the court for mandatory review under Article 66, UCMJ, 10 U.S.C. § 866.

Appellant claims, the government concedes, and we agree that the convening authority erroneously approved a finding of guilty of one of the larceny specifications after the military judge found appellant guilty of the lesser-included offense of wrongful appropriation (Specification 1 of Charge II). We disagree with appellant that a new action is warranted because he has failed to make some colorable showing of possible prejudice. Although not raised by appellant, we find his guilty pleas to so much of the larceny specifications as pertain to the *amounts* of the values relating to the American Express (AMEX) and automatic teller machine (ATM) processing fees in Specifications 2, and 4 through 9, of Charge II to be legally improvident. We will take corrective action on the findings in our decretal paragraph.

### I. Erroneous Approval of Larceny of the American Express Card

■ The acting SJA prepared a written recommendation to the convening authority as required by Rule for Courts–Martial 1106 [hereinafter R.C.M.]. In his recommendation, the acting SJA erroneously listed a finding of guilty of larceny of an AMEX credit card (Specification 1 of Charge II), even though the military judge found appellant guilty of wrongful appropriation rather than larceny. Trial defense counsel submitted R.C.M. 1105 matters; however, there was no allegation that the acting SJA misstated the findings of the court-martial. The acting SJA's addendum indicated that no corrective action was required, and recommended approval of the sentence in accordance with the terms of the pretrial agreement. In his action, the convening authority mitigated the sentence in compliance with the pretrial agreement, without expressly mentioning the findings. By approving the sentence without expressly addressing the findings, the convening authority implicitly approved the findings as reported by the acting SJA's post-trial recommendation. *See United States v. Diaz,* 40 M.J. 335, 337 (C.M.A.1994). To the extent that the convening authority purported to approve a finding of guilty of larceny of the AMEX card, however, his action was a nullity. *See*

*United States v. Drayton,* 40 M.J. 447, 448 (C.M.A.1994).

The SJA's post-trial recommendation must concisely and accurately set forth the findings[1] of the court-martial. R.C.M. 1106(d)(3)(A). The SJA's recommendation must then be served on the defense counsel. R.C.M. 1106(f)(1). The defense counsel may submit corrections or rebuttal, bringing matters "believed to be erroneous, inadequate, or misleading" to the attention of the SJA. R.C.M. 1106(f)(4). This process permits the SJA to make corrections prior to the recommendation's consideration by the convening authority. The failure of the defense counsel to comment "shall waive later claim of error with regard to such matter in the absence of plain error." R.C.M. 1106(f)(6).

We view this case as one "where an appellant has not been prejudiced, even though there is clearly an error in the post-trial proceedings." *United States v. Wheelus,* 49 M.J. 283, 289 (1998); *see also* UCMJ art. 59(a), 10 U.S.C. § 859(a). Because this error originated in the acting SJA's post-trial recommendation, we apply the *Wheelus* test that only a " 'colorable showing of possible prejudice' " is necessary to establish material prejudice to appellant's substantial rights. *Wheelus,* 49 M.J. at 289 (quoting *United States v. Chatman,* 46 M.J. 321, 323–24 (1997)); *see also United States v. Hartfield,* 53 M.J. 719, 720 (Army Ct.Crim.App.2000). Finally, we follow the guidance of our superior court that, when a Court of Criminal Appeals finds that an appellant has not been prejudiced by an error in the post-trial review, we "preferably should say so and articulate reasons why there is no prejudice." *Wheelus,* 49 M.J. at 289.

In this case we hold that despite the incorrect "summary of offense[s]" in the acting SJA's post-trial recommendation, there was no possible prejudicial impact on either appellant's clemency request or on the convening authority's action. Appellant pleaded guilty in accordance with his pretrial agree-

ment to larceny of Specialist (SPC) Bartley's AMEX credit card. During the providence inquiry, appellant said that he took SPC Bartley's government issued AMEX credit card because he intended to use it to steal funds from SPC Bartley's AMEX account. The military judge correctly determined that appellant was improvident to larceny because appellant said he intended to return the AMEX credit card to the victim after his theft of funds. With the concurrence of the parties, the military judge amended the specification from larceny to the lesser-included offense of wrongful appropriation.

The military judge's finding of guilty of wrongful appropriation did not alter the fact that appellant used SPC Bartley's credit card to steal $600.00 from SPC Bartley's AMEX account, and that he used six other credit cards to steal a total of $3000.00 from six other AMEX accounts. Appellant also committed burglary when he took SPC Bartley's AMEX credit card from SPC Bartley's barracks room, and committed housebreaking when he took the other six AMEX credit cards from a platoon office. We are confident that, under these circumstances, there is no colorable showing of possible prejudice. This error had no possible impact on either appellant's clemency request or on the sentence approved by the convening authority. Neither a new action nor sentence relief is warranted.

## II. Providence of the Guilty Pleas to Larceny of the Bank Processing Fees

### A. Facts

Appellant used SPC Bartley's AMEX credit card to obtain a total of $600.00 from three ATM's. American Express charged $20.10 in processing fees to SPC Bartley's account for these transactions. Appellant pleaded guilty to larceny of $603.50.[2] Appellant used six other wrongfully appropriated AMEX credit cards to withdraw $500.00 from six

---

1. Rule for Courts–Martial 1106 does not require an SJA to explicitly make a recommendation as to whether the convening authority should approve the findings.

2. After pleas were entered, the trial counsel indicated that the charge sheet erroneously listed the total value of the larceny as $603.50, instead of $620.10. Neither party moved to amend the specification, and findings of guilty were entered to this offense as a larceny of $603.50.

other AMEX accounts. American Express charged $16.32 in processing fees to each account for these transactions. Appellant pleaded guilty to six separate specifications of larceny of $516.32. Appellant admitted that he received a total of $3600.00;[3] however, he never stated during his providence inquiry that he took, obtained, withheld or had possession of the processing fees charged to the seven accounts.

### B. Discussion

We review a military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). Rejection of the plea of guilty is required when the record of trial shows a substantial basis in law and fact for questioning it. *United States v. Peterson*, 47 M.J. 231, 233 (1997) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)); *see also United States v. Roane*, 43 M.J. 93, 99 (1995) (following a "substantial-conflict" standard for matters that require rejection of a guilty plea). In reviewing guilty pleas, our focus is on the providence of the plea, not the sufficiency of the evidence. *United States v. Boddie*, 49 M.J. 310, 312 (1998); *United States v. Faircloth*, 45 M.J. 172, 174 (1996). In deciding whether the military judge abused his discretion in accepting the plea, we view the evidence in a light most favorable to the prosecution. *See United States v. Hubbard*, 28 M.J. 203, 209 (C.M.A.1989) (Cox, J., concurring).

A providence inquiry into a guilty plea must establish that the accused believes and admits that he is guilty of the offense, and that the factual circumstances he describes objectively support his guilty plea. *United States v. Garcia*, 44 M.J. 496, 497–98 (1996), *aff'd by summary disposition*, 48 M.J. 5 (1997) (citing *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A.1994) and *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)). Should the accused set up a matter inconsistent with the plea at any time during the proceeding, the military judge either must resolve the inconsistency or reject the guilty plea. *Garcia*, 44 M.J. at 498; *Davenport*, 9 M.J. at 367; UCMJ art. 45(a), 10 U.S.C. § 845(a).

Article 121, UCMJ, provides:

(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—

(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny; . . .

The *Manual for Courts–Martial, United States* (1998 ed.), Part IV, para. 46c(1)(b) [hereinafter MCM, 1998], requires that the thief possess the property for larceny: "There must be a taking, obtaining, or withholding of the property by the thief. . . . The taking, obtaining, or withholding must be of specific property."

Article 121, UCMJ, combines three forms of theft: (1) common-law larceny[4] (larceny by trespass on either the actual or the constructive possession of the owner); (2) embezzlement; and (3) obtaining by false pretenses. *United States v. Antonelli*, 35 M.J. 122, 124–25 (C.M.A.1992), *aff'd by summary disposition*, 45 M.J. 12 (1996); *United States*

---

**3.** As in this case, unauthorized use of an ATM card to steal funds from the bank account of the card holder may be prosecuted as a larceny, in violation of Article 121, UCMJ. *See, e.g., United States v. Boylan*, 49 M.J. 375 (1998); *United States v. Minyard*, 46 M.J. 229 (1997); *United States v. Higgins*, 40 M.J. 67 (C.M.A.1994); *United States v. Reed*, 34 M.J. 282 (C.M.A.1992). Congress also prohibited the unauthorized use of ATM cards to obtain anything of value aggregating $1000 or more during a one-year period by enacting 18 U.S.C. § 1029(a)(2), which prohibits fraud and related activity in connection with access devices. The third clause of Article 134,

UCMJ, may be used to incorporate 18 U.S.C. § 1029(a)(2) for military prosecution of thefts using ATM cards. *See United States v. Mervine*, 26 M.J. 482, 486 n. 4 (C.M.A.1988) (Everett, C.J., concurring).

**4.** When Congress uses a statutory term with an established meaning at common law such as "larceny," the common-law meaning should be applied. *See Carter v. United States*, 530 U.S. 255, 120 S.Ct. 2159, 2166, 147 L.Ed.2d 203 (2000).

*v. Schaper,* 42 M.J. 737, 742 (A.F.Ct.Crim. App.1995) (Becker, J., dissenting). The *Antonelli* court provided an extensive discussion of the legislative history of Article 121, concluding that unless the offense is encompassed under one of these three types of thefts, it is not within the scope of Article 121. 35 M.J. at 126. Appellant's conduct did not constitute a larceny by wrongful taking of the bank processing fees because there was no movement of the property, or any exercise of dominion over it, accompanied by the requisite intent. MCM, 1998, Part IV, para. 46c(1)(b). Nor did the processing fees involve a wrongful obtaining or withholding by appellant because he never received or possessed these fees.

In *Mervine,* the then Court of Military Appeals determined that extinguishing a debt through fraud did not constitute larceny, because a debt is not the proper subject of a larceny under Article 121, UCMJ. 26 M.J. at 483–84. In reaching its decision, the court noted:

> At common law, larceny was defined as "the trespassory taking and carrying away of the personal property of another with intent to steal the same." R. Perkins and R. Boyce, *Criminal Law* 292 (3d ed.1982). Moreover, the common law required that the object of the larceny be tangible and capable of being possessed. 50 Am Jur 2d, Larceny § 62. *See United States v. Abeyta,* 12 M.J. 507 (A.C.M.R.1981). "[P]ossession cannot be taken of a debt or of the obligation to pay it, as tangible property might be taken possession of."

*Id.* at 483.

Appellant did not commit larceny of the bank processing fees because he never took, obtained, withheld, or possessed these fees. An analogous situation exists in cases involving the theft of telephone services. A perpetrator's unauthorized use of a victim's telephone line or a telephone credit card to obtain telephone services violates Article 134, UCMJ, 10 U.S.C. § 934. *See, e.g., Roane,* 43 M.J. at 98; *Hartfield,* 53 M.J. at 720. Theft of such services may not be charged as a violation of Article 121, UCMJ. MCM, 1998, Part IV, para. 46c(1)(h)(iv); *see also United States v. Abeyta,* 12 M.J. 507, 507–08 (A.C.M.R.1981) (holding that theft of taxicab services must be charged under Article 134, UCMJ, rather than Article 121, UCMJ). In his concurring opinion in *Mervine,* then Chief Judge Everett noted that an appellant who fraudulently obtains personal services is not guilty of larceny, but is guilty of obtaining services under false pretenses, in violation of Article 134, UCMJ. 26 M.J. at 485 n. 1. Obtaining services under false pretenses has the same maximum punishment as larceny of nonmilitary property. *Compare* MCM, 1998, Part IV, paras. 78e(1) and (2) *with* paras. 46e(1)(b) and (d). As to the money appellant actually obtained in each of the specifications, appellant was provident to larceny. As to the bank processing fees charged to his victim's AMEX accounts, appellant was provident to obtaining services under false pretenses, but not to larceny of these fees.

Accordingly, the military judge incorrectly included these bank processing fees with the cash appellant actually received from the ATM's in determining the value of each larceny specification. In the interest of judicial economy, we will recalculate the amount of the larcenies by subtracting the amount of the banking services charged to the AMEX account holders, and make findings by exceptions and substitutions.[5] We are confident that the erroneous inclusion of the bank processing fees in the amount of the larcenies did not prejudice the appellant as to the sentence.[6]

5. We have elected not to exercise our option to affirm the larcenies as approved by the convening authority. If the providence inquiry clearly admits guilt to a different but "closely-related offense" with the same or a lesser maximum punishment as that of the charged offense, we may affirm the findings without modification. *See United States v. Epps,* 25 M.J. 319, 322–23 (C.M.A.1987) (affirming guilty plea to larceny because the providence inquiry established guilt of the closely-related offense of receiving stolen property); *United States v. Caver,* 41 M.J. 556, 564–65 (N.M.Ct.Crim.App.1994) (affirming guilty plea to wrongful appropriation because the providence inquiry established guilt of the closely-related offense of theft of services).

6. Evidence regarding the bank processing fees is admissible aggravation evidence because it shows the financial impact on or cost to the victims of appellant's offenses. R.C.M. 1001(b)(4) and discussion; *United States v. Cea,*

**879**

We have reviewed the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. The court affirms only so much of the finding of guilty of Specification 1 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 17 January 1998, wrongfully appropriate one American Express Card, of some value, the property of American Express and Joshua A. Bartley; of Specification 2 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 17 January 1998, steal U.S. currency, of a value of $600.00, the property of American Express and Joshua A. Bartley; of Specification 4 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 4 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Samuel J. Cogan; of Specification 5 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 5 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Jonathan E. Emery; of Specification 6 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 5 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Jeffrey T. Johnson; of Specification 7 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 5 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Shigenobu T. Morinaga; of Specification 8 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 5 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Jerome D. Dingle; and of Specification 9 of Charge II as finds that appellant did, at Fort Polk, Louisiana, on or about 5 November 1998, steal U.S. currency, of a value of $500.00, the property of American Express and Paul A. Crawford, all in violation of Article 121, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence based on the errors noted and the entire record, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms the sentence.

Senior Judge TOOMEY and Judge NOVAK concur.

925 F.2d 56 (2d Cir.1991) (holding that the district court properly applied § 2B1.1 of the United States Sentencing Guidelines when it included the legal processing fees charged by the appellant to compute the total loss suffered by the victims and their bank).