UNITED STATES, Appellee,

v.

**Private First Class Nathaniel T. LINDSEY, United States Army, Appellant.**

ARMY 20010438.

U.S. Army Court of Criminal Appeals.

29 March 2002.

For Appellant: Major Mary M. McCord, JA; Captain Fansu Ku, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA.

Before CAIRNS, Senior Judge, CHAPMAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

CHAPMAN, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of wrongful distribution of a controlled substance (two specifications) and wrongful use of a controlled substance, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to Private E1. This case is before this court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant asserts no assignment of error in his Article 66, UCMJ, appeal and submits the case upon its merits. As we are seeing more and more often, however, appellate defense counsel "notes" four errors in a footnote. We find no merit in the appellant's submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), or in three of the four issues noted. The remaining issue alleging error in the staff judge advocate's post-trial recommendation (SJAR) has merit, however, and warrants relief.

### BACKGROUND

The appellant pled not guilty to a second specification of wrongful use of methylenedioxymethamphetamine, commonly known as ecstasy (Specification 4). The government elected to present no evidence to prove the appellant's guilt. The military judge thereafter found the appellant not guilty of Specification 4.

Inexplicably, the acting staff judge advocate erroneously advised the convening authority in his SJAR that the appellant had pled guilty to, and was convicted of, Specifi-

cation 4. Equally disturbing is the staff judge advocate's (SJA's) failure to correct this obvious error when he forwarded to the convening authority an addendum to the SJAR. The appellant's trial defense counsel and the appellant also failed to comment on the error in their Rules for Courts–Martial [hereinafter R.C.M.] 1105/1106 submission. The convening authority made no express reference to the findings in his action.

## ANALYSIS

■ Unquestionably, the SJAR misstates the findings adjudged. The convening authority implicitly approved the findings as reported in the SJAR when he approved the adjudged sentence without expressly addressing the findings. *See United States v. Diaz*, 40 M.J. 335, 337 (C.M.A.1994). The convening authority's purported approval of the erroneous finding of guilty to Specification 4 is, therefore, error and a nullity. *See id.; United States v. Drayton*, 40 M.J. 447, 448 (C.M.A.1994).

■ We must still consider, however, the prejudicial effect of the error in the SJAR. The failure of the trial defense counsel to comment on the error waives the matter on appeal absent plain error. *See* R.C.M. 1106(f)(6); *United States v. Powell*, 49 M.J. 460 (1998); *United States v. Hartfield*, 53 M.J. 719 (Army Ct.Crim.App.2000). In the appellant's case, the error is plain and obvious. Thus, we must determine if the error materially prejudiced a substantial right of the appellant. *See Powell*, 49 M.J. at 463–64; UCMJ art. 59(a), 10 U.S.C. § 859(a). Applying the test for material prejudice articulated by the Court of Appeals for the Armed Forces (CAAF) in *United States v. Wheelus*, 49 M.J. 283, 289 (1998), we are unsure of the impact of the error on the appellant's request for clemency.[1] To moot any possible claim of prejudice to the appellant and for the sake of judicial economy, we will take appropriate remedial action in our decretal paragraph.[2]

This case presents the court with yet another incident in which a SJA has failed to provide complete and accurate information to the convening authority, as required by R.C.M. 1106. The regularity of these post-trial processing errors is alarming and occurs in many jurisdictions.[3] Most SJAR errors are the direct result of sloppiness and a lack of attention to detail exhibited by the SJA, Deputy SJA, and the Chief of Criminal Law. Likewise, diligent trial defense counsel should identify and correct such errors whenever possible. *See* R.C.M. 1106(f)(4), (f)(6). These errors reflect poorly on our military justice system and on those individuals who implement that system.[4] They should not occur!

The findings of guilty of Specifications 1, 2, and 3 of the Charge and the Charge are affirmed. The Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge CAIRNS and Judge BROWN concur.

---

1. In *Wheelus*, CAAF stated that since "clemency is a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error [in the convening authority's post-trial review] and the appellant 'makes some colorable showing of possible prejudice.'" 49 M.J. at 289 (citing *United States v. Chatman*, 46 M.J. 321, 323–24 (1997)).

2. Despite the erroneous advice to the convening authority, the promulgating order correctly reflects the true findings. Accordingly, a new order is unnecessary.

3. Over the past fifteen months, this court has reviewed at least thirty-five cases in nineteen different jurisdictions that contain SJAR errors.

4. While the appellate defense counsel noted the obvious error, it is disturbing that it was not formally assigned as error and briefed. Appellate defense counsel should assert and brief all meritorious issues.