UNITED STATES

v.

Charles E. LUNDGREN, Fire Control Technician Third Class (E–4), U.S. Navy.

NMCM 200001558.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 18 Nov. 1999.

Decided 19 Sept. 2003.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

LtCol John F.X. Lawler, USMCR, Appellate Defense Counsel.

LCDR Joseph E. Stolasz, JAGC, USNR, Appellate Government Counsel.

CDR Robert P. Taishoff, JAGC, USN, Appellate Government Counsel.

Before CARVER, Senior Judge, VILLEMEZ, and MULROONEY, Appellate Military Judges.

MULROONEY, Judge:

The appellant, having been tried by military judge, sitting as a special court-martial, stands convicted, consistent with his pleas, of six specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The court-martial sentenced him to a bad-conduct discharge and confinement for 100 days, forfeiture of $400.00 pay per month for 3 months, and reduction to E–1. On 31 August 2000, the convening authority approved the sentence as adjudged and, except for the bad-conduct discharge, ordered the sentence executed. In accordance with the terms of a pretrial agreement, the convening authority suspended all confinement in excess of 60 days for a period of 12 months from the date of his action.

After carefully considering the appellant's sole assignment of error, the Government's response, and the record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Facts**

The appellant stole a Navy Federal Credit Union (NFCU) automatic teller machine (ATM) card, which had been mailed, to his roommate on board USS NIMITZ. Over a 3–day period, the appellant used the stolen credit card to withdraw $300.00 three times and $100.00 twice. Because the withdrawals were not made at an NFCU ATM, another financial institution charged an ATM surcharge fee of $2.25 on each withdrawal. The appellant pled guilty to larceny of the ATM card and larcenies of amounts, which included the withdrawal amounts as well as the surcharge fees.

## The Providence of the Plea

In a single assignment of error, the appellant asserts that his pleas of guilty to five of the six specifications under the Charge were improvident. He contends that his guilty pleas to the five larceny specifications related to the ATM withdrawals were improvident as to the amount of the larceny, which included an ATM fee. He argues that because he never took, obtained, withheld, or possessed the ATM surcharge fee, the guilty pleas to specifications that included those fees, are improvident. He asks that we adjust the findings and reduce the sentence accordingly. We disagree.

"A provident plea of guilty is one that is knowingly, intelligently, and consciously entered and is factually accurate and legally consistent." *United States v. Watkins*, 35 M.J. 709, 712 (N.M.C.M.R.1992). A factual basis is required for a military judge to accept an accused's guilty plea. *United States v. Chambers*, 12 M.J. 443, 444 (C.M.A. 1982); *United States v. Williamson*, 42 M.J. 613, 615 (N.M.Ct.Crim.App.1995). A military judge is required to question an accused to establish the factual basis for a plea of guilty. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969). However, the military judge is not required "to embark on a mindless fishing expedition to ferret out or negate all possible defenses or inconsistencies." *United States v. Jackson*, 23 M.J. 650, 652 (N.M.C.M.R.1986).

A providence inquiry rarely develops the facts of the criminal offense(s) fully. Therefore, when an appellant attacks his guilty plea on appeal, we are to "view the evidence in the light most favorable to the prosecution." *United States v. Hubbard*, 28 M.J. 203, 209 (C.M.A.1989)(Cox, J., concurring). Military courts of criminal appeals will not set aside a finding of guilty based on a guilty plea, or even question a military judge's acceptance of a guilty plea, unless the record reveals a "substantial basis in law and fact for doing so." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). We review a military judge's acceptance of a guilty plea for abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F.1996).

There are four elements required to sustain a conviction for larceny under Article 121, UCMJ. The elements are set forth in MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 46b(1):

(a) That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person;

(b) That the property belonged to a certain person;

(c) That the property was of a certain value, or of some value; and

(d) That the taking, obtaining, or withholding by the accused was with the intent permanently to deprive or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the accused.

A principal issue is whether the $2.25 ATM fee, which left the victim's bank account during each ATM withdrawal, was wrongfully taken, obtained or withheld by the accused within the meaning of the larceny statute. A change promulgated to the Manual for Courts–Martial, which post-dates the appellant's trial, contains the following guidance on the issue:

*Credit, Debit, and Electronic Transactions.* Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense. Such use to obtain goods is usually a larceny of those goods from the merchant offering them. Such use to obtain money or a negotiable instrument (e.g., withdrawing cash from an automated teller or a cash advance from a bank) is usually a larceny of money from the entity presenting the money or a negotiable instrument. For the purpose of this section, the term "credit, debit, or electronic transaction" includes the use of an instrument or device, whether known as a credit card, debit card, automated teller machine (ATM) card or by any other name, including access devices such as code, account number, electronic serial number or personal identification number, issued for the use in obtaining money, goods, or anything else of value.

MANUAL FOR COURTS-MARTIAL, UNITED STATES, (2002 ed.), Part IV, ¶ 46c(1)(h)(vi).

When Congress enacted Article 121, UCMJ, its intent was to "eliminate[ ] the oftimes subtle and confusing distinctions previously drawn between common law larceny, embezzlement, and false pretenses ... [but the legislation] did not enlarge the scope of the statutory crime of 'larceny' to include more than its components previously encompassed." *United States v. Antonelli*, 35 M.J. 122, 125 (C.M.A.1992)(quoting *United States v. Buck*, 3 C.M.A. 341, 343, 12 C.M.R. 97, 99, 1953 WL 2188 (1953)).

Because Article 121, UCMJ, is circumscribed by the limits of larceny under the common law, the Government's reliance on *United States v. Morgan*, 805 F.2d 1372 (9th Cir.1986) is misplaced. The *Morgan* case involved a conviction under 18 U.S.C. § 2113(b), which was enacted to enhance and "go beyond the common law definition of larceny." *Morgan*, 805 F.2d at 1376 (quoting *Bell v. United States*, 462 U.S. 356, 358, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983))

In *United States v. Sanchez*, 54 M.J. 874 (Army Ct.Crim.App.2001), the Army Court of Criminal Appeals, in facts similar to this case, held a plea to larceny specifications which included ATM fees to be improvident with respect to those amounts. Our sister court focused on the results reached in three prior cases in reaching its conclusion that the ATM surcharges could not be the subject of larceny. The *Sanchez* Court considered *United States v. Mervine*, 26 M.J. 482, 484 (C.M.A.1988), where the Court of Military Appeals held that extinguishing debt through fraud could not constitute a larceny, because a debt "is simply not the equivalent of money for purposes of Article 121." The *Sanchez* Court also considered *United States v. Roane*, 43 M.J. 93, 98 (C.A.A.F.1995), where the Court of Appeals for the Armed Forces affirmed a guilty plea under Article 134, UCMJ, 10 U.S.C. § 934, where the accused fraudulently used a neighbor's telephone line to make telephone calls. Finally, the Court considered its own precedent in *United States v. Abeyta*, 12 M.J. 507, 507–08 (A.C.M.R.1981), where it had previously ruled that taxicab services were not a tangible property which could be the subject of a larceny under Article 121. The *Sanchez* Court reasoned that ATM surcharges were sufficiently similar to a debt, phone services, and taxicab services, and thus was compelled to find that no larceny was possible.

None of the three cases relied upon by the Army Court in *Sanchez* involved a scenario where a thief stole money, and none of the cases compel us to render larceny guilty pleas improvident merely because they include the ATM surcharges extracted from the victim's bank account. The common touchstone in each of the three scenarios was that no "money, personal property, or article of value of any kind," was taken, obtained or withheld. MCM, Part IV, ¶ 46a(1). That is not the case with respect to an ATM surcharge. By the actions of the appellant, money was immediately transferred out of the victim's account. The victim did not lose a service or a debt owed to him; the appellant took his money. The loss was tangible, and the effect produced by inserting the ATM card and punching the terminal keys was as tangible as if the appellant reached his fingers into the victim's pocket and lifted out his money. The victim's money including the ATM fee followed the inexorable course set for it by the appellant's keypunches.

Likewise, the fact that the appellant did not have the intent to keep the $2.25 for himself does not compel a contrary result. Larceny under Article 121 is committed when the thief has the intent to appropriate for his own use or the use of "any person other than the owner." *Id.* This is consistent with the common law wherein "[t]he word 'taking' in the definition of larceny has reference to the taking of possession, but it is not necessary for the thief to take possession himself; he may commit larceny by causing possession to be taken by another." R. Perkins and R. Boyce, *Criminal Law* 303 (3d ed.1982). Viewing the evidence in the light most favorable to the Government, 28 M.J. at 209 (Cox, J., concurring), we are convinced that when the appellant directed the ATM to move cash from the victim's account his intent was to appropriate some of the money for his own use and some of the money (the ATM surcharge) for use by a person other

than the victim. Therefore we conclude that the providence inquiry established each and every element of larceny. We find that the military judge correctly included the ATM surcharges in determining the value of each larceny specification and that the pleas were not improvident.

Furthermore, in light of the negligible difference in the value of the ATM surcharges in this case compared to the amounts the appellant actually received, we are confident, after reviewing the record *in toto,* that the sentence would remain appropriate even if we were to follow *Sanchez,* enter findings by exceptions and substitutions, and reassess the sentence. *See United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

### Conclusion

The findings and sentence, as approved on review below, are affirmed.

Senior Judge CARVER and Judge VILLEMEZ concur.