UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class ADAM J. TIMBERLAKE
 United States Army, Appellant

 ARMY 20061118

 III Corps and Fort Hood (trial)
 Headquarters, Fort Hood (post-trial)
 Charles S. Walters, Military Judge
 Colonel Mark Cremin, Staff Judge Advocate (trial)
 Lieutenant Colonel Richard W. Rousseau, Staff Judge Advocate (post-trial)

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Fansu Ku, JA; Captain Adam K. Mellor, JA (on
brief).

For Appellee: Major Elizabeth G. Marotta, JA; Captain W. Todd Kuchenthal,
JA; Captain Teresa T. Phelps, JA (on brief).

 17 March 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:
 In our review of the case under Article 66, Uniform Code of Military
Justice, 10 U.S.C. § 866 [hereinafter UCMJ], we agree with appellate
defense counsel that the Staff Judge Advocate’s post-trial recommendation
(SJAR) inaccurately advised the convening authority that appellant was
found guilty of absence without leave, in violation of Article 86, UCMJ,
rather than the greater offense of desertion, in violation of Article 85,
UCMJ.
 Unless otherwise indicated in the action, a convening authority
approves the findings as stated in the SJAR. See United States v. Diaz, 40
M.J. 335, 337 (C.M.A. 1994); United States v. Lindsey, 56 M.J. 850, 851
(Army Ct. Crim. App. 2002). The SJAR may contain other documents as
enclosures, including the record of trial itself or the Report of Result of
Trial[1], to accurately advise the convening authority of the court’s
findings and sentence. See generally United States v. Alexander, 63 M.J.
269, 274 (C.A.A.F. 2006) (citing Rule for Courts-Martial [hereinafter
R.C.M.] 1107(b)(3)(B)) (“The convening authority may consider other sources
of information” beyond those listed in R.C.M. 1107(b)(3)(A)).
 In this case, we are unable to determine whether the convening
authority was aware of the actual findings of the court. Although the
Report of Result of Trial correctly described the guilty findings, neither
the record of trial nor the Report of Result of Trial are listed in the
enclosures provided to the convening authority prior to the initial action.
 Under the circumstances, we may either affirm the findings of guilty “that
are correctly . . . stated in the SJAR, or return the case to the convening
authority for a new SJAR and action.” United States v. Henderson, 56 M.J.
911, 913 (Army Ct. Crim. App. 2002) (citing Diaz, 40 M.J. at 345); R.C.M.
1107(g).
 The action of the convening authority, dated 18 May 2007, is set
aside. The record is returned to The Judge Advocate General for a new SJAR
and action by the same convening authority in accordance with Article 60(c)-
(e), UCMJ. Once the convening authority takes action on the case, he shall
then return the record of trial to this court for further review.

 FOR THE COURT:

 MARY B. CHAPMAN
 Deputy Clerk of Court

-----------------------
[1] Dep’t of Army, Form 4430-R, Report of Result of Trial (Sept. 2002).