UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, AND GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JONATHAN M. CLEMONS
 United States Army, Appellant

 ARMY 20090226

 Headquarters, United States Army Intelligence Center and Fort Huachuca
 Michael J. Hargis, Military Judge
 Colonel Karen L. Judkins, Staff Judge Advocate

For Appellant: Major Timothy Thomas, JA; Major Angelines McCaffrey, JA

For Appellee: Lieutenant Colonel Francis C. Kiley, JA

 17 December 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of willful disobedience of a commissioned
officer, indecent acts, and possession of child pornography, in violation
of Articles 90, 120, and 134, Uniform Code of Military Justice [hereinafter
UCMJ], 10 U.S.C. §§ 890, 920, and 934. The military judge sentenced
appellant to a bad-conduct discharge and confinement for twelve months.
The convening authority limited confinement to ten months and otherwise
approved the adjudged sentence. This case is before us for review under
Article 66, UCMJ.

 In Specification 1 of Charge I, the Government charged appellant with
possession of child pornography, in violation of Article 134, UCMJ. In an
apparent effort to comport with United States v. Medina, 66 M.J. 21
(C.A.A.F. 2008), the specification alleged both a violation of 18 U.S.C.§
2252A for possessing video files of child pornography on “land owned by the
United States Government” and a violation of clauses 1 and 2 of the general
article that “under the circumstances, this conduct was to the prejudice of
good order and discipline in the armed forces or was of a nature to bring
discredit upon the armed forces.” Appellant pled guilty to Specification
1 of Charge I, excepting words related to the number of videos involved and
a description of one of the video files alleged.
During the providence inquiry, however, appellant asserted that he did not
possess the child pornography on Fort Huachuca, but only possessed it off
the installation in the nearby community of Sierra Vista.

 The military judge properly identified that, to constitute an offense
as alleged under 18 USC § 2252A(a)(5)(A), the possession must have occurred
on property under the special jurisdiction or control of the United States.
 The government did not move to amend the specification. Appellant’s
defense counsel conceded that, under the specification as charged,
appellant might nonetheless be guilty of an offense under clauses 1 and 2
of Article 134. Thereafter, appellant providently admitted, as charged in
part, to possessing certain videos constituting child pornography, which
were both prejudicial to good order and discipline and discrediting to the
service. However, the Government did not thereafter move to amend the
specification to conform to the facts to which appellant admitted, nor did
the military judge make findings consistent with the facts to which
appellant admitted by excepting certain language of the specification to
comport with appellant’s providency.

 We will modify Specification 1 of Charge I to conform to the facts to
which appellant admitted. See United States v. Sanchez, 54 M.J. 874, 878
(Army Ct. Crim. App. 2001). The court affirms only so much of the finding
of guilty of Specification 1 of Charge I as follows:

 In that Private (E-1) Jonathan M. Clemons, U.S. Army, did,
 between on or about 9 March 2008 and 18 March 2008, at or near
 Fort Huachuca, Arizona, knowingly possess a Toshiba laptop hard
 drive, serial number 37173066k, containing three video files of
 child pornography, including:

 T-88957440-(Pthc)(Liluplanet)(Lordofthering) mod 01 (One of the
 Hotest Clips I’ve seen) (Peeing.mpg

 T-158959620-142 Pthc Ultra Hussyfan 9 Yo Preteen Little Lolita
 R@Ygold Incest Kiddy Mafiasex (74).mpg

 and that, under the circumstances, this conduct was to the
 prejudice of good order and discipline in the armed forces or
 was of a nature to bring discredit upon the armed forces.

 We further affirm the finding of guilty to Charge I. The remaining
findings of guilty are affirmed.

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Reassessing the sentence on the basis of the
modified findings and the entire record, and applying the principles of
United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v.
Moffeit, 63 M.J. 40, 43 (C.A.A.F. 2006), to include those factors
identified in Judge Baker's concurring opinion in Moffeit, the sentence is
affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court