UNITED STATES, Appellee,

v.

Private E1 Jamone M. HENDERSON,
United States Army, Appellant.

ARMY 20000421.

U.S. Army Court of Criminal Appeals.

13 May 2002.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Captain Jimmonique R.S. Rodgers, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Margaret B. Baines, JA; Captain Karen J. Borgerding, JA (on brief).

Before CANNER, Senior Judge, CARTER, and HARVEY, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of going from his appointed place of duty (two specifications), disobeying a superior commissioned officer, disobeying a noncommissioned officer, and disrespectful conduct towards a noncommissioned officer (five specifications), in violation of Articles 86, 90, and 91, Uniform Code of Military Justice, 10

U.S.C. §§ 886, 890, and 891 [hereinafter UCMJ]. The adjudged sentence consisted of a bad-conduct discharge, confinement for seventy-five days, and hard labor without confinement for fifteen days. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for seventy-five days. The convening authority credited appellant with fifty-seven days of pretrial confinement against the approved sentence to confinement. This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866.

This is another in the increasing number of cases where the staff judge advocate's (SJA) Rule for Courts–Martial [hereinafter R.C.M.] 1106 post-trial recommendation (SJAR) fails to accurately advise the convening authority of the findings of guilty. *See United States v. Lindsey,* —— M.J. —— (Army Ct.Crim. App. 29 March 2002). For the reasons discussed herein, the inadequate attention to detail in the government's post-trial preparation of the SJAR requires that this court dismiss lawfully adjudged findings of guilty or return the entire case to the convening authority for a new review and action.

When the Uniform Code of Military Justice was first enacted in 1950, a convening authority was required to personally determine the legal and factual sufficiency of each finding of guilty. UCMJ art. 64, 10 U.S.C. § 864 (1950).* Unless his written action on the court-martial "indicate[d] otherwise, approval of the sentence [ ] constitute[d] approval of the findings and the sentence." *Id.* Jurisdiction of appellate review authorities was limited to "the findings and sentence as approved by the convening authority." UCMJ art. 66(c) and 67(d), 10 U.S.C. § 867(d) (1950).

The Military Justice Act of 1983, Pub.L. No. 98–209, 97 Stat. 1393, made significant changes to the convening authority's responsibilities concerning the findings of a court-martial. After these 1983 amendments, a convening authority is still required to take action on the sentence adjudged by a court-martial, but is no longer required to take any action on the corresponding findings of guilty. UCMJ art. 60(c)(2) and (3), 10 U.S.C. § 860(c)(2) and (3). However, a convening authority retains the discretion to modify any adjudged finding of guilty by setting aside the finding of guilty and dismissing the related charge or specification or by approving a lesser-included offense of the adjudged finding of guilty. UCMJ art. 60(c)(3)(A) and (B). In most cases, under current UCMJ provisions, the convening authority's action does not address the adjudged findings of guilty because the convening authority intended to approve the findings of guilty without modification.

The 1983 amendments to the UCMJ removed the original Article 60, UCMJ, language stating that unless a convening authority's action "indicates otherwise, approval of the sentence shall constitute approval of the findings and the sentence." However, the jurisdiction of appellate military courts was not changed by the 1983 amendments and continues to be limited to "the findings and sentence as approved by the convening authority." UCMJ art. 66(c) and 67(c). Because a convening authority's action on the sentence no longer statutorily constituted "approval of the findings of guilty," our superior court had to decide where appellate courts would look to determine what findings the convening authority approved so that appellate courts would know the scope of their appellate jurisdiction over the findings.

 Our superior court answered this question in the landmark case of *United States v. Diaz,* 40 M.J. 335 (C.M.A.1994), a case that should be required reading for all professional development classes on post-trial processing, whether taught in the field or at the U.S. Army Judge Advocate General's School. *Diaz* held that, absent contrary evidence, when a convening authority does not

---

* Article 64, UCMJ (1950) read:

 **ART. 64. Approval by the convening authority.**

 In acting on the findings and sentence of a court-martial, the convening authority shall approve only such findings of guilty, and the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved. Unless he indicates otherwise, approval of the sentence shall constitute approval of the findings and sentence.

address findings in his action, he approves only the findings of guilty as correctly stated in his SJA's R.C.M. 1106 recommendation. *Diaz*, 40 M.J. at 337. Simply put, if the SJAR omits or misstates a finding of guilty, we have no jurisdiction to affirm it. We may either affirm only those findings of guilty (or portions thereof) that are correctly and un-ambiguously stated in the SJAR, or return the case to the convening authority for a new SJAR and action. *See Diaz*, 40 M.J. at 345; *United States v. Christensen*, 45 M.J. 617, 618 (Army Ct.Crim.App.1997); R.C.M. 1107(g).

In the present case, appellant was charged with, and pleaded guilty to, violating his company commander's order restricting him to the company area, in violation of Article 90, UCMJ (Charge III and its Specification). The military judge entered findings of guilty to violating a lawful command of a commissioned officer, as charged, but stated that for sentencing purposes he would consider the offense as "breaking restriction."

Concerning this charge and specification, the SJAR advised the convening authority that appellant pleaded guilty to willful disobedience of a superior officer and was found not guilty of the charged Article 90, UCMJ, violation, but guilty of a violation of Article 134, UCMJ, 10 U.S.C. § 934. The SJAR did not mention "breaking restriction" or otherwise describe what Article 134, UCMJ, offense appellant committed. The clemency petition submitted by appellant's trial defense counsel under R.C.M. 1105 failed to correct this misstatement of the court-martial's findings. Appellant raised the issue with this court in his second assignment of error.

Rather than return appellant's case to the convening authority under R.C.M. 1107(g) for a new review and action, we will

resolve the ambiguity in the SJAR by dismissing this offense. Applying *United States v. Wheelus*, 49 M.J. 283, 289 (1998), however, we find that appellant has made no colorable showing of possible prejudice to his substantial rights concerning the approved sentence as a result of this error. UCMJ art. 59(a), 10 U.S.C. § 859(a). The military judge treated this offense as breaking restriction, an offense which carries a maximum punishment of confinement for one month and forfeiture of two-thirds pay for one month. *Manual for Courts–Martial, United States* (2000 ed.), Part IV, para. 102e. The convening authority already reduced appellant's sentence by disapproving the fifteen days of hard labor without confinement as adjudged by the military judge. Considering the record as a whole, we are satisfied that no further sentence relief is warranted as a result of our dismissal of Charge III and its Specification. UCMJ art. 66(c).

We find no merit to appellant's other assignment of error or in the matters asserted under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

The findings of guilty of Charge III and its Specification are set aside and Charge III and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence based on the error noted, and the entire record, the court affirms the approved sentence.

Senior Judge CANNER and Judge HARVEY concur.