# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Jimmy L. MILEY,
### Storekeeper First Class (E-6), U.S. Coast Guard

## CGCMS 24255

## Docket No. 1194

## 3 March 2004

Special Court-Martial convened by Commanding Officer, Integrated Support Command Seattle. Tried at Thirteenth Coast Guard District, Seattle, WA, on 7 May 2003.

| | |
|---|---|
| Military Judge: | CDR Frederick W. Tucher, USCG |
| Trial Counsel: | LT Jason R. Hamilton, USCG |
| Defense Counsel: | LT Kyle P. Durand, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL TWO
## BAUM, KANTOR, & PALMER
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of failure to obey a lawful general order, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of making false official statements, in violation of Article 107, UCMJ; and one specification of larceny, in violation of Article 121, UCMJ.

The military judge sentenced Appellant to a bad-conduct discharge, reduction to E-4, forfeitures of $1200 per month for two months, a fine of $4,000, and confinement for sixty days. He also recommended suspension of the bad-conduct discharge for twelve months. The

Convening Authority approved the adjudged sentence, which was permitted by the pretrial agreement, but did not suspend the bad-conduct discharge, as recommended by the judge. Before this Court, Appellant has assigned one error, that the staff judge advocate's recommendation (SJAR) and the promulgating order misstate the findings with respect to the specification under Charge I, depriving this Court of jurisdiction to affirm that Charge.

The SJAR describes Charge I as a failure to obey a lawful general order in violation of Article 92, UCMJ, whereas the promulgating order characterizes the offense as simply a failure to obey a lawful order. The staff judge advocate's description is the correct one. Appellant was found guilty of a general order violation, not a lesser lawful order. However, the summarization of the specification in both the SJAR and the promulgating order leaves out any reference to the order violated, which had been set forth on the charge sheet, and recounts only that Appellant wrongfully used government property for an unauthorized purpose by purchasing personal items and services with a government procurement credit card. Citing *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994), Appellant submits that the convening authority approves the findings as stated in the SJAR, unless otherwise indicated in the action. Moreover, relying on *United States v. Henderson,* 56 M.J. 911, 912 (Army Ct. Crim. App. 2002), Appellant contends that this Court has no jurisdiction to affirm a finding of guilty that has been misstated in the SJAR.

Without determining whether we agree or disagree with Appellant's stated limitation on our jurisdiction to affirm, we nevertheless reject his asserted impediment to action in this case because we find that the SJAR has not misstated the Charge I guilty finding. As already indicated, the SJAR correctly called it a failure to obey a lawful general order. The promulgating order's misstatement in this regard does not impeach the Convening Authority's action or limit us in what we may affirm. That misstatement should be corrected, however, in a supplementary promulgating order. The omission of an account of the order violated in the summarizations of the specification likewise has no adverse effect. The Convening Authority could safely rely on the SJAR's correct statement of the Charge violated when approving the sentence in this case.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the

entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.  The Convening Authority shall issue a supplementary promulgating order correctly describing Charge I as a violation of a lawful general order and correctly summarizing the specification under Charge I as a general order violation.



For the Court,


Roy Shannon Jr.
Clerk of the Court