UNITED STATES, Appellee

v.

Peter A. ORD, Private First Class
U.S. Army, Appellant

No. 05-0651

Crim. App. No. 20020961


United States Court of Appeals for the Armed Forces

Argued April 18, 2006

Decided July 3, 2006


PER CURIAM


Counsel


For Appellant:  Captain Doug J. Choi (argued); Colonel John T.
Phelps II, Lieutenant Colonel Kirsten V.C. Brunson, and Major
Billy B. Ruhling II (on brief); Captain Charles L. Prichard Jr.


For Appellee:  Captain Michael Friess (argued); Lieutenant
Colonel Theresa A. Gallagher, Major Natalie A. Kolb, and Captain
Edward E. Wiggers (on brief); Lieutenant Colonel Mary M.
Foreman.


Military Judge:  Stephen R. Henley


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

PER CURIAM:

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of desertion, larceny (five specifications), and forgery, in violation of Articles 85, 121, and 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885, 921, 923 (2000). He was sentenced to a bad-conduct discharge, confinement for twenty-seven months, and reduction to the grade of E-1.

The staff judge advocate (SJA) provided the convening authority with a post-trial recommendation under Rule for Courts-Martial (R.C.M.) 1106. Although Appellant had been convicted of seven different offenses, the SJA's recommendation omitted one of the seven -- the finding concerning forgery. The SJA recommended reduction of the period of confinement to eighteen months pursuant to a pretrial agreement, 154 days of confinement credit, and approval of the balance of the sentence. The SJA did not make a specific recommendation with respect to the findings.

The convening authority's action approved the SJA's recommendation on the sentence. The convening authority's action did not expressly address the findings. On the same date as the action, the 1st Armored Division issued an initial promulgating order that, like SJA's recommendation, omitted the finding concerning forgery.

2

United States v. Ord, No. 05-0651/AR

The command forwarded the record of trial, including the initial promulgating order, for appellate review by the United States Army Court of Criminal Appeals. Subsequently, the command issued a "corrected" promulgating order that included the missing finding. According to a stipulation of fact entered into by the parties, the "corrected" promulgating order was occasioned by a request by someone in the lower court's clerk's office for a corrected order to reflect the omitted finding. The Office of the Clerk of the Court of Criminal Appeals received the corrected promulgating order and filed it in the record of trial. Neither the parties nor the court, however, relied on the "corrected" promulgating order, which had been issued by the command at a time when the case had not been returned to the command for further action. See R.C.M. 1107(g).

On October 14, 2004, the court set aside the convening authority's action and returned the record for a new SJA recommendation and convening authority's action. United States v. Ord, No. ARMY 20020961 (A. Ct. Crim. App. Oct. 14, 2004) (unpublished). The order returning the case to the command led to new submissions to the convening authority by the SJA and the defense, as well as a new convening authority's action that was predicated upon a correct recitation in the SJA's post-trial recommendation of all seven findings adjudged by the court-martial, including the forgery offense. On May 31, 2005, the

3

<u>United States v. Ord</u>, No. 05-0651/AR

Court of Criminal Appeals affirmed the findings and sentence as approved in the new convening authority's action, including the forgery offense. <u>United States v. Ord</u>, No. ARMY 20020961 (A. Ct. Crim. App. May 31, 2005).

Upon Appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY RETURNING THE CASE FOR A NEW POST-TRIAL RECOMMENDATION AND ACTION TO ALLOW THE CONVENING AUTHORITY TO APPROVE A GUILTY FINDING WHEN THAT FINDING HAD BEEN OMITTED FROM THE INITIAL POST-TRIAL RECOMMENDATION AND ACTION.

Under <u>United States v. Diaz</u>, 40 M.J. 335, 345 (C.M.A. 1994), when the convening authority does not act expressly on the findings, and the SJA's recommendation omits a finding of guilty adjudged by the court-martial, the Court of Criminal Appeals may not presume that the convening authority approved the omitted finding. In such a case, the court may return the record for a new SJA recommendation and convening authority action. See <u>id.</u>; <u>United States v. Alexander</u>, 63 M.J. ___ (18) (C.A.A.F. 2006). Here, the court followed the procedure outlined in <u>Diaz</u>. Accordingly, the decision of the United States Army Court of Criminal Appeals is affirmed.

4