UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class BERNARD A. PENEGOR
 United States Army, Appellant

 ARMY 20080762

 Headquarters, 3rd Infantry Division and Fort Stewart
 James L. Pohl, Military Judge
 Colonel Jonathan C. Guden, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley M. Voorhees, JA; Captain Brent A. Goodwin, JA (on
brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Christopher B. Burgess, JA; Captain Sasha N. Rutizer, JA
(on brief).

 26 March 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A general court-martial composed of a military judge sitting alone
convicted appellant, contrary to his pleas, of attempted larceny (three
specifications) and larceny (two specifications), in violation of Articles
80 and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C.
§§ 880 and 921, respectively. The convening authority approved the
adjudged sentence of confinement for five months and a bad-conduct
discharge.

 This case is before the court for review pursuant to Article 66, UCMJ.
 Appellant’s first assignment of error alleges the staff judge advocate’s
(SJA) Rule for Courts-Martial (R.C.M.) 1106 post-trial recommendation
(SJAR) misled the convening authority by incorrectly stating the findings
of guilty and, thereby, denied appellant a meaningful chance of relief at
clemency.

 After entry of pleas but prior to findings, the military judge amended
Specifications 3, 4, 5, 6, and 8 of Charge I, all related to obtaining-type
larceny by false pretenses offenses involving wrongful use of credit card
information. Originally, each of these specifications charged appellant
with larceny in both the conjunctive and disjunctive from multiple alleged
victims. After entry of pleas but prior to findings, the military judge
amended each specification to delete the names of the credit card holder
and the issuing banking institution for each credit card, thereby leaving
only one alleged victim for each offense, that is, the merchant from whom
appellant either obtained, or attempted to obtain, merchandise.

 The military judge entered findings in accordance with the amended
language, finding appellant guilty of larceny for Specifications 4 and 6,
but only guilty of attempted larceny for Specifications 3, 5 and 8 of
Charge I. However, The Report of Result of Trial, DA Form 4430, failed to
accurately reflect the amendments to each specification by leaving in the
deleted language concerning multiple alleged victims. The SJAR also failed
to correctly advise the convening authority by not noting the amendments to
each specification. Furthermore, appellant’s R.C.M. 1105 submission failed
to comment on this error.

 “[W]hen a convening authority does not address findings in his
action, he approves only the findings of guilty as correctly stated in his
SJA’s R.C.M. 1106 recommendation.” United States v. Henderson, 56 M.J.
911, 912-13 (Army Ct. Crim. App. 2002). Furthermore, when an SJAR
misstates a finding of guilty, we may approve those findings of guilty, or
portions thereof, “that are correctly and unambiguously stated in the SJAR,
or return the case for a new SJAR and action.” Id. See also United States
v. Diaz, 40 M.J. 335, 345 (C.M.A. 1994). In this case, the SJA’s incorrect
advice potentially left the convening authority, at most, wondering
whether there was more than one actual out-of-pocket victim for
specifications 4 and 6, the larceny findings. Even had the convening
authority wondered this, the number of alleged victims did not create or
amount to a sentence enhancer warranting increased punishment.
Accordingly, under the facts of this case and applying a plain error
analysis, we do not find that the error materially prejudiced a substantial
right of the appellant, or that the appellant has made a colorable showing
of possible prejudice concerning the approved sentence. See United States
v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000); United States v. Wheelus, 49 M.J.
283, 289 (C.A.A.F. 1998). As such, we decline to return the case for a new
SJAR.

 The court affirms only so much of the findings of guilty of Charge I,
Specifications 3, 4, 5, 6, and 8, as follows:

 Specification 3: In that PFC Bernard Penegor, U.S. Army, did, at or
near Fort Stewart, Georgia, on or about 4 August 2007, attempt to steal
monies and/or goods, of a value of seventy-one dollars ($71), the property
of the following business, Mary Kay.

 Specification 4: In that PFC Bernard Penegor, U.S. Army, did, at or
near Fort Stewart, Georgia, on or about 13 July 2007, steal monies and
or/goods, of a value of three hundred nine dollars and eighteen cents
($309.18), the property of the following business, Victoria’s Secret.

 Specification 5: In that PFC Bernard Penegor, U.S. Army, did, at or
near Fort Stewart, Georgia, on or about 5 June 2007, attempt to steal
monies and/or goods, of a value of one hundred fifteen dollars and seventy-
five cents ($115.75), the property of the following business, Mary Kay.

 Specification 6: In that PFC Bernard Penegor, U.S. Army, did, at or
near Fort Stewart, Georgia, on or about 4 July 2007, steal monies and
or/goods, of a value of forty-eight dollars and sixty-nine cents ($48.69),
the property of the following business, American Eagle Outfitters.

 Specification 8: In that PFC Bernard Penegor, U.S. Army, did, at or
near Fort Stewart, Georgia, on or about 26 July 2007, attempt to steal
monies and/or goods, of a value of four hundred dollars ($400), the
property of the following business, Mary Kay.

 DECISION

 The modified findings of guilty discussed above are affirmed. We have
considered appellant’s other assignments of error as well as the matters
personally asserted by appellant pursuant to United States v. Grostefon, 12
M.J. 431 (C.M.A. 1982), and find them to be without merit. We affirm the
sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court