# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, MORAN, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ANTHONY M. RABY**
**United States Army, Appellant**

ARMY 20110395

Headquarters, U.S. Army Garrison Fort Meade
Denise R. Lind, Military Judge
Lieutenant Colonel Elizabeth G. Marotta, Staff Judge Advocate

For Appellant: Captain John L. Schriver, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA (on brief).

18 December 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of aggravated sexual abuse of a child and sodomy of a child who had not attained the age of twelve years, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 (2006 & Supp. III 2009) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted him of rape of a child who had not attained the age of twelve years[1] and failure to obey a

---

[1] Subsequent to announcing the findings, the military judge amended the rape of a child specification by reducing the charged time period to reflect the facts. When restating the amended specification, she erroneously characterized the victim as "a child who had attained the age of twelve years." This was simply a misstatement by the military judge that went unnoticed by all the trial participants. In this case, the clear intent of the military judge, and the understanding of the parties, was that the amendment of the specification did not affect the finding as to the victim's age—a

(continued . . .)

lawful order, in violation of Articles 120 and 92, respectively. Appellant was also convicted, contrary to his plea, of failing to comply with a protective order in violation of a state criminal law, assimilated into federal law pursuant to 18 U.S.C. § 13, in violation of Clauses 2 and 3 of Article 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-one years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.[2]

This case was submitted to us for review on its merits under Article 66, UCMJ. However, although not raised, we conclude the staff judge advocate (SJA) failed to correctly advise the convening authority concerning the Article 134, UCMJ, offense. This error necessitates relief.

A convening authority's action implicitly approves the findings as reported by the SJA in her post-trial recommendation (SJAR). *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994). *See* UCMJ art. 60(d); Rule for Courts-Martial 1106(d)(3). In this case, the SJAR, upon which the convening authority relied to approve the findings and sentence, included a result of trial that erroneously reported appellant was acquitted of Additional Charge II, the Article 134, UCMJ, offense mentioned above. "[A]bsent contrary evidence, when a convening authority does not address findings in his action, he approves only the findings of guilty as correctly stated in [the SJAR]." *United States v. Henderson*, 56 M.J. 911, 912–13 (Army Ct. Crim. App. 2002). As was the case in *Henderson*, we are faced with a scenario wherein the SJAR "omits or misstates a finding of guilty." *Id.* Applying *Henderson* to the present case, we have no jurisdiction to affirm the Article 134, UCMJ, offense.

Because we may act "only with respect to the findings and sentence as approved by the convening authority," UCMJ art. 66(c), we can "either affirm only those findings of guilty (or portions thereof) that are correctly and unambiguously stated in the SJAR, or return the case to the convening authority for a new SJAR and action." *Henderson*, 56 M.J. at 913. In the interest of judicial economy, we will set aside the findings of guilty of the Article 134, UCMJ, offense.

---

(. . . continued)
child who had not attained the age of twelve years. Accordingly, no corrective action is warranted. *Cf. United States v. Perkins*, 56 M.J. 825, 827 (Army Ct. Crim. App. 2001).

[2] The convening authority waived appellant's automatic forfeitures for six months, with direction that they be paid to appellant's spouse.

## CONCLUSION

We have considered the record of trial and appellant's assertions of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which warrant discussion or relief. The findings of guilty of the Specification of Additional Charge II and Additional Charge II are set aside. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.[3]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] In order to reassess, we must be confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *Sales*, 22 M.J. at 308. *See Moffeit*, 63 M.J. at 43 (Baker, J., concurring in the result). In this case, the penalty landscape did not change, as appellant still faces a maximum punishment of life without the eligibility for parole for the remaining offenses. In addition, the aggravating circumstances of appellant's crimes are unchanged. Therefore, in light of the remaining charges and their serious nature, we are confident the court would have adjudged a sentence of at least a dishonorable discharge, confinement for thirty-one years, and reduction to the grade of E-1.