# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHN W. COX**
**United States Army, Appellant**

ARMY 20111136

Headquarters, Third Army
Reynold P. Masterton, Military Judge
Colonel Stephanie L. Stephens, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

24 December 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Judge HAIGHT:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of aggravated assault with a loaded firearm and two specifications of communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, to be confined for twelve months, forfeiture of $978.00 per month for twelve months, and to be reduced to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with sixty-six days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ.  Appellant raises three assignments of error to this court, one of which merits discussion and relief. The relief provided in the decretal paragraph renders moot at this time the first two assignments of error.  Additionally, those matters appellant personally raises

COX— ARMY 20111136

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## LAW AND DISCUSSION

In his third assignment of error, appellant presents the following question:

> A CONVENING AUTHORITY IS REQUIRED TO HAVE
> KNOWLEDGE OF THE COURT-MARTIAL FINDINGS
> AS THEY ARE REPORTED TO HIM IN THE STAFF
> JUDGE ADVOCATE'S POST-TRIAL
> RECOMMENDATION. IN THIS CASE, THE STAFF
> JUDGE ADVOCATE'S POST-TRIAL
> RECOMMENDATION DID NOT INCLUDE THE
> COURT-MARTIAL FINDINGS. DOES THIS COURT
> HAVE JURISDICTION OVER SPC COX'S CASE
> UNDER ARTICLE 66(C), UCMJ?

Because it deals with our jurisdiction to review this case, we will first address this assignment of error. "In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c). In this case, the convening authority's action makes no mention of the findings of the court-martial. Rule for Courts-Martial [hereinafter R.C.M.] 1107(c) provides that "[a]ction on the findings is not required." However, "a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the [staff judge advocate (SJA)] and thus effectively purports to approve implicitly the findings as reported to the convening authority by the SJA." *United States v. Diaz*, 40 MJ 335, 337 (C.M.A. 1994) (internal citation omitted).

Here, neither the staff judge advocate's recommendation (SJAR) to the convening authority nor its addendum lists or details the findings adjudged at appellant's court-martial, but instead properly relies upon the Result of Trial, listed as an enclosure on both. In accordance with R.C.M. 1106, the SJAR is required to contain "a copy of the report of results of the trial, setting forth the **findings**, sentence, and confinement credit to be applied." R.C.M. 1106(d)(3) (emphasis added). Despite being listed as an enclosure to both the SJAR and its addendum, the record of trial does not contain the standard DA Form 4430 Report of Result of Trial or any document purporting to be a suitable substitute that could have been used to inform the convening authority as to the adjudged findings.

To this point in time, government appellate counsel has not provided this court with the report of results of the trial, a copy thereof, or any evidence that the convening authority had the benefit of such a document when he took action.

2

Therefore, not only are we unable to determine whether the convening authority was aware of the actual findings of the court, but we do not know what findings were approved. It follows that we have no jurisdiction to affirm any findings in this case and must return it for a new review and action. *See United States v. Henderson*, 56 M.J. 911, 913 (Army Ct. Crim. App. 2002).

Based on our resolution of the third assignment of error, the other assignments are not ripe at this time.[*] Specifically, all parties at trial agreed that appellant's threats were "part and parcel" of the aggravated assault. In light of the Manual for Courts-Martial's explanation regarding certain assault scenarios that when "threatening words are accompanied by a menacing act or gesture, there may be an assault, since the **combination** constitutes a demonstration of violence," we may very well be inclined to view the simultaneously committed offenses of assault by offer and communication of a threat as appropriate for merger. *Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶54.c(1)(c)(ii) (emphasis added). However, as stated above, we do not know what findings currently stand approved and available for such an action. Accordingly, it is necessary and appropriate for the convening authority to first address this issue within his sound discretion.

## CONCLUSION

The convening authority's initial action, dated 24 May 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge COOK and Judge CAMPANELLA concur.

---

[*] I. AS CHARGED, COMMUNICATING A THREAT AND AGGRAVATED ASSAULT (BY OFFER) HAVE IDENTICAL ELEMENTS, EXCEPT FOR THE ARTICLE 134, UCMJ TERMINAL ELEMENT. SPC COX PLED GUILTY TO ASSAULT BY OFFER AND THREATENING SPC THOMPSON AND THE MILITARY JUDGE GRANTED A MOTION TO MERGE THE CHARGES FOR SENTENCING. WAS SPC COX PREJUDICED WHEN THE MILITARY JUDGE FAILED TO DISMISS THE COMMUNICATING A THREAT SPECIFICATIONS AS AN UNREASONABLE MULTIPLICATION OF CHARGES:

II. SPECIALIST COX'S SENTENCE TO A BAD-CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.



FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court