# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 JORDAN J. JONES**
**United States Army, Appellant**

ARMY 20110974

Headquarters, I Corps (Rear) (Provisional)
David L. Conn, Military Judge
Colonel Kurt A. Didier, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Captain Matthew R. Laird, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

31 December 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Judge HAIGHT:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of attempted larceny, conspiracy to commit larceny (nine specifications), failure to repair (eight specifications), absence without leave (two specifications), willfully disobeying a superior commissioned officer[1], larceny, (sixteen specifications), obstruction of justice, and bank fraud, in violation of Articles 80, 81, 86, 90, 121, and 134, Uniform Code of Military Justice, 10 U.S.C.

---

[1] We note the military judge, during the providence inquiry, neither defined "willful disobedience" for appellant nor provided the Military Judge's Benchbook explanation of that element as "an intentional defiance of authority."

JONES—ARMY 20110974

§§ 880, 881, 886, 890, 921, 934 (2006) [hereinafter UCMJ].[2] The military judge sentenced appellant to a bad-conduct discharge, to be confined for four years, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence and credited appellant with 168 days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error to this court as well as matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). However, a separate issue must first be addressed and resolved.

**LAW AND DISCUSSION**

"In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c). In this case, the convening authority's action makes no mention of the findings of the court-martial. Rule for Courts-Martial [hereinafter R.C.M.] 1107(c) provides that "[a]ction on the findings is not required." However, "a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the [staff judge advocate (SJA)] and thus effectively purports to approve implicitly the findings as reported to the convening authority by the SJA." *United States v. Diaz*, 40 MJ 335, 337 (C.M.A. 1994) (internal citation omitted).

Here, neither the staff judge advocate's recommendation (SJAR) to the convening authority nor its addendum lists or details the findings adjudged at appellant's court-martial, but both instead properly rely upon the Result of Trial, included as an enclosure to the SJAR. In accordance with R.C.M. 1106, the SJAR is required to contain "a copy of the report of results of the trial, setting forth the **findings**, sentence, and confinement credit to be applied." R.C.M. 1106(d)(3) (emphasis added). However, in this case, the standard DA Form 4430 Report of Result of Trial that was enclosed with the SJAR omitted The Charge and its two specifications. Instead, the findings and specifications listed and detailed on the DA Form 4430 begin with Additional Charge I.[3]

---

[2] The Charge consisted of two specifications of Article 134, UCMJ, for wrongfully communicating a threat and obstructing justice. The remaining offenses were contained in Additional Charges I-VIII.

[3] This clerical omission of The Charge and its specifications is somewhat understandable given that appellant was ultimately charged with seventy-six specifications under nine charges.

2

Therefore, we are unable to determine whether the convening authority was aware of the findings of the court with respect to The Charge and its specifications, and we do not know if he approved the finding of guilty to Specification 2 of The Charge.[4] "Simply put, if the SJAR omits or misstates a finding of guilty, we have no jurisdiction to affirm it. We may either affirm only those findings of guilty (or portions thereof) that are correctly and unambiguously stated in the SJAR, or return the case to the convening authority for a new SJAR and action." *United States v. Henderson*, 56 M.J. 911, 913 (Army Ct. Crim. App. 2002). We opt to return this case as the obstruction of justice offense formed at least part of the basis for appellant's pretrial confinement. Nor do we find this crime, which carries a maximum punishment that includes five years confinement and a dishonorable discharge, to be insignificant.

## CONCLUSION

The convening authority's initial action, dated 17 May 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[4] Specification 1 of The Charge was dismissed.

3