# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class PHIL W. MOZIE, JR.**
**United States Army, Appellant**

ARMY 20130065

Headquarters, Regional Command South and 3rd Infantry Division
Michael J. Nelson, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Michael J. Millios, JA (on brief); Colonel Kevin Boyle, JA; Major Robert N. Michaels, JA; Captain Michael J. Millios, JA (on request for Rule For Courts-Martial [hereinafter R.C.M.] 706 Board and motion to stay the proceedings); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Michael J. Millios, JA (on second request for R.C.M. 706 Board).

For Appellee: Major A.G. Courie III, JA; Major John K. Choike, JA (on brief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley; Major Kenneth W. Borgnino (on response to request for R.C.M. 706 Board and motion to stay the proceedings); Major A.G. Courie III, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on response to second request for R.C.M. 706 Board).

28 April 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

An officer panel sitting as a special court-martial convicted appellant, contrary to pleas,[1] of disrespect toward a noncommissioned officer, provoking speeches or gestures, indecent exposure, and disorderly conduct in violation of Articles 91, 117, 120c, and 134, Uniform Code of Military Justice, 10 U.S.C. §§

---
[1] As appellant did not make a forum election at trial and would not enter a plea, the military judge defaulted to an officer panel and entered a plea of not guilty. *See* R.C.M. 903(c)(3); R.C.M. 910(b).

891, 917, 920c, 934 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge and confinement for three months. The convening authority approved the adjudged findings and sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises several assignments of error, one of which merits discussion, but no relief. Specifically, appellant alleges the military judge erred in denying defense counsel's request for a findings instruction on voluntary intoxication. Additionally, we have identified one issue with the convening authority's action that merits discussion and relief.

## BACKGROUND

Appellant deployed to Camp Leatherneck, Afghanistan. In the afternoon of 8 November 2012, appellant entered the United Service Organizations (USO) office located on post. After going to the back of the USO area, appellant approached Ms. DA, the USO employee seated at the front desk, and asked her some simple questions, to include the location of the newspapers. Appellant then retrieved a copy of the *Stars and Stripes* newspaper and took a seat on a couch facing, and about four feet away from, MS. DA's desk. After sometime, Ms. DA realized appellant's penis was exposed: "[i]t was the full penis, it was fully erect, and it was completely outside his pants." She observed him as he held the paper with both hands at shoulder height. Appellant turned his body and lowered the paper to shield any view of his crotch when other people were in the area. When again alone with Ms. DA, appellant raised the newspaper, making his penis more visible. Once Ms. DA was certain as to what she was witnessing, she gathered her things, left the desk area and told her supervisor. Shortly thereafter, appellant left the USO.

Later the same day, appellant returned to the USO, grabbed a copy of the *Stars and Stripes*, and again sat in the couch near the front desk. He then exposed himself in the same fashion as earlier in the day, this time to Ms. KS. Ms. KS notified her manager of what she had witnessed, which prompted a call to the military police.

The responding military police officer, Marine Lance Corporal (LCpl) AR, found appellant on the couch with his pants unbuttoned and the "outline" of his flaccid penis visible. Lance Corporal AR took appellant outside and then transported him to the Provost Marshall's Office (PMO).

At the PMO, appellant refused to answer basic questions like his full name or unit of assignment. When asked by the senior noncommissioned officer for basic biographical information, appellant at first refused to answer. Appellant then became belligerent, responding: "I am not human, you don't speak my language, I speak Chinese." Another senior noncommissioned officer intervened in an attempt to get appellant to comply. Appellant then stated "You do not want to bow up on me man" and "I will lay you out."

Appellant continued to be belligerent and uncooperative by refusing to answer questions or allowing his picture to be taken without making faces or hand gestures. Appellant's demeanor changed instantly when his unit first sergeant arrived at the PMO. In the presence of his first sergeant, appellant went from "absolutely unruly, uncooperative, and disrespectful to perfectly calm and cordial." Appellant immediately reverted back to his previous belligerent behavior when the first sergeant departed.

At trial, only one witness, LCpl AR, testified he smelled alcohol on appellant; however, that smell emanated from appellant's clothing. There was no testimony that alcohol emanated from appellant's breath or that appellant had blood shot eyes, staggered, or exhibited other signs of alcohol intoxication. Several witnesses *conjectured* appellant may have been under the influence of an intoxicant based on his erratic behavior; but no witness could give any evidence that appellant ingested, or even possessed, alcohol. A search of appellant's room revealed no drugs or alcohol or any remnants of consumption of either drugs or alcohol.

## LAW AND DISCUSSION

### A. *Instruction on Voluntary Intoxication*

Appellant asserts that the military judge erred when he declined to give a defense requested instruction on voluntary intoxication[2] in conjunction with the instructions for indecent exposure, as alleged in Specification 1 of Charge I.

Whether a military judge properly instructed a court-martial is a question of law that is reviewed de novo. A military judge's denial of a requested instruction is reviewed for an abuse of discretion. *United States v. Damatta-Olivera*, 37 M.J. 474, 478 (C.M.A. 1993) (citations omitted).

A defense is reasonably raised when some evidence, without regard to its source or credibility, is admitted. *United States v. Lewis*, 65 MJ 85, 87 (C.A.A.F 2007). We apply a three part test in determining "if some evidence of voluntary intoxication was raised at trial: (1) the crime charged includes a mental state; (2) there is [evidence of impairment due to the ingestion of alcohol or drugs]; and (3) there is evidence that the [impairment] affected the defendant's ability to form the requisite intent or mental state." *United States v. Hearn*, 66 M.J. 770, 777 (Army Ct. Crim App. 2008) (citing *State v. Kruger*, 67 P.3d 1147, 1149 (Wash. Ct. App. 2003)) (internal quotation marks omitted).

---

[2] *See* R.C.M. 916(l)(2); Dep't of Army Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 5-12 (1 Jan. 2010).

Significantly, the second prong requires evidence of *ingestion* of alcohol or drugs as a requirement for a voluntary intoxication instruction. Evidence of ingestion is the causal link that allows the defense to appropriately argue an accused's inability to form the necessary intent. "The evidence must reasonably and logically connect the defendant's intoxication with the asserted inability to form the required level of culpability to commit the crime charged." *Id.*

In appellant's case, the trial judge found "there is no evidence of an ingestion of either alcohol or drugs, there's no indication that the accused voluntarily or otherwise took any alcohol or drugs." The military judge further stated, "I don't know that there is any evidence in the case that he consumed any alcohol. The best I have found so far, was the alcohol emanating from the clothes." Mere aberrant behavior did not suffice to establish ingestion.

Similarly, the smell of alcohol on appellants' clothes, without more, did not establish ingestion. There was no evidence that the appellant had the smell of alcohol coming from his breath or that appellant exhibited blood shot eyes or a staggered gait. The mere "possibility of a defense" does not require a specific defense-requested instruction. Here, the military judge did not abuse his discretion in denying defense counsel's requested instruction on voluntary intoxication.

*B. Convening Authority Action*

The panel found appellant not guilty of Specification 1 of Charge III which alleged communicating a threat in violation of Article 134, UCMJ, but guilty of the lesser-included offense of provoking speeches and gestures, in violation of Article 117, UCMJ. The staff judge advocate's recommendation (SJAR) to approve the findings and sentence included as an attachment a Dep't of Army, Form 4430, Department of the Army Report of Result of Trial (May 2010) (DA Form 4430), which detailed the findings as to each charge and specification. However, this form reported the findings for Specification 1 of Charge III as not guilty and did not mention the panel's actual finding of guilty of the lesser-included offense. On 29 June 2013, the convening authority approved the findings and sentence in accordance with the staff judge advocate's recommendation.

"In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c). "[I]n the absence of contrary evidence, a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the SJA . . . and thus effectively purports to approve implicitly the findings as reported . . . by the SJA." *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994); *see United States v. Raby*, ARMY 20110395, 2012 CCA LEXIS 491, at *3 (Army Ct. Crim. App. 18 Dec. 2012) (sum. disp.). "[A]bsent contrary evidence, when a convening authority does not address findings in his action, he approves only the findings of guilty as correctly stated in [the SJAR]." *United States v. Henderson*, 56 M.J. 911, 912–13 (Army Ct. Crim. App. 2002). We

4

lack jurisdiction to affirm a finding of guilty that is either misstated or omitted from the SJAR. *Id.* at 913.

Pursuant to Article 66(c), UCMJ, we can "either affirm only those findings of guilty (or portions thereof) that are correctly and unambiguously stated in the SJAR, or return the case to the convening authority for a new SJAR and action." *Henderson*, 56 M.J. at 913. In the interest of judicial economy, we will set aside the findings of guilty concerning Specification 1 of Charge III. *See* UCMJ art. 66(d).

## CONCLUSION

The finding of guilty as to Specification 1 of Charge III is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court