# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32464**

————————————

**UNITED STATES**
*Appellee*

**v.**

**John L. GATERS**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 July 2018

————————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-3. Sentence adjudged 16 February 2017 by SpCM convened at McConnell Air Force Base, Kansas.

*For Appellant:* Major Rebecca J. Otey, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Kaylynn N. Shoop, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges*.

Judge HUYGEN delivered the opinion of the court, in which Senior Judge HARDING and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Judge:

A special court-martial composed of a military judge convicted Appellant, contrary to his pleas, of two specifications of larceny (Charge I) and two specifications of false official statement (Charge II) in violation of Articles 121 and

107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 907. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, and reduction to the grade of E-3. The convening authority approved the sentence as adjudged.

Appellant raises on appeal one issue: whether Charge II should be dismissed because it was charged *in the alternative* to Charge I. Because the military judge conditionally dismissed Charge II and its specifications and the conditional dismissal was not reflected in the post-trial documents, we order new post-trial processing.

## I. BACKGROUND

Appellant was charged with and pleaded not guilty to three specifications of larceny under Charge I and three specifications of false official statement under Charge II. Under Charge I, the military judge found Appellant guilty of Specifications 1 and 3 for stealing Basic Allowance for Housing (BAH) at the with-dependent rate and Family Separation Allowance (FSA)[1] and found Appellant guilty of Specifications 2 and 3 of Charge II for making false official statements by signing official documents regarding FSA, BAH, and his marital status. Prior to trial, the Defense moved to dismiss Charge II and its specifications as an unreasonable multiplication of charges.

During the hearing on the motion, the Government stated that Charge II and its specifications for false official statement regarding FSA, BAH, and Appellant's marital status were charged *in the alternative* to Charge I and its specifications for larceny of BAH at the with-dependent rate and FSA. Trial counsel specifically conceded the dismissal of Charge II if Appellant was convicted of both charges. Thus, the military judge granted the Defense motion to dismiss and dismissed Specifications 2 and 3 of Charge II conditioned on "ultimate approval on appellate review of the findings of guilt of Specifications 1 and 3 of Charge I, and of Charge I." Prior to sentencing Appellant, the military judge again confirmed the parties' understanding that the judge had granted the Defense motion to dismiss and conditionally dismissed Specifications 2 and 3 of Charge II.

The staff judge advocate's recommendation (SJAR), report of result of trial (RRT) attached to the SJAR, and addendum to the SJAR made no mention

---

[1] When finding Appellant guilty of Specification 3 of Charge I, the military judge excepted the words "on or about 19 September 2016," substituted the words "between on or about 19 September 2016, and on or about 1 October 2016," and found Appellant not guilty of the excepted words and guilty of the substituted words.

of the conditional dismissal of Specifications 2 and 3 of Charge II. Appellant waived his right to submit clemency matters. The SJA recommended and the convening authority approved the sentence as adjudged, and neither the action nor the court-martial order referenced the conditional dismissal.

## II. DISCUSSION

Appellant now asks that the court "carry out the conditional dismissal of the trial judge" and dismiss with prejudice Specifications 2 and 3 of Charge II. The Government agrees but requests the court make the dismissal conditioned on finality of judgment pursuant to Article 71(c), UCMJ, 10 U.S.C. § 871(c). We do not decide the case on that issue at this time; instead, we must resolve a concern about post-trial processing. No document presented to and considered by the convening authority informed him of the conditional dismissal of Specifications 2 and 3 of Charge II. Unaware of the military judge's ruling, the convening authority took the action of approving the sentence as adjudged under the misconception that Appellant had been convicted of larceny and false official statement and sentenced for both offenses.

Rule for Courts-Martial (R.C.M.) 1106(d)(3) requires the SJA to provide the convening authority with an RRT "setting forth the findings, sentence, and confinement credit." R.C.M. 1107(b)(3)(A) requires the convening authority to consider the RRT before taking action. In Appellant's case, the RRT provided no information about the conditional dismissal of Specifications 2 and 3 of Charge II and instead made it appear as if Appellant was convicted of and sentenced for larceny *and* false official statement, both major offenses, when he was actually convicted of and sentenced for larceny and, *in the alternative*, false official statement.

R.C.M. 1106(f)(6) stipulates that a failure of defense counsel to comment on the SJAR and any SJAR attachment, such as the RRT, in a timely manner constitutes waiver in the absence of plain error. We review this issue *de novo* and consider whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Typically, an SJAR error implicates an appellant's opportunity for clemency. *See United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005) ("The threshold is low, but there must be some colorable showing of possible prejudice."). But Appellant waived his right to submit clemency matters and did not raise on appeal any concern about the RRT.

We order new post-trial processing not because the incorrect RRT created an issue for clemency but because it failed to inform the convening authority of the true result of trial, which he was required to consider before taking action. The convening authority's action relied on fundamental information—

the offenses of which Appellant was convicted and sentenced—that was fundamentally wrong.

In *United States v. Diaz*, the United States Court of Military Appeals, today's United States Court of Appeals for the Armed Forces, found that the convening authority's "failure to make any mention of findings in his action silently implies a decision to approve them." 40 M.J. 335, 341 (C.M.A. 1994). Article 60, UCMJ, 10 U.S.C. § 860, has undergone significant change since *Diaz*, and the convening authority in Appellant's case had no discretionary authority to set aside any of the guilty findings and dismiss any charge or specification because Appellant's offenses were not "qualifying" offenses.[2] Article 60(c)(3)(B), UCMJ. However, the relevant language of Article 66, UCMJ, 10 U.S.C. § 866, remains unchanged since *Diaz*: this court "may act only with respect to the *findings and sentence as approved by the convening authority*." *Diaz*, 40 M.J. at 341; *see United States v. Henderson*, 56 M.J. 911, 912–13 (A. Ct. Crim. App. 2002) ("[W]hen a convening authority does not address findings in his action, he approves only the findings of guilty as correctly stated in his SJA's R.C.M. 1106 recommendation. Simply put, if the SJAR omits or misstates a finding of guilty, we have no jurisdiction to affirm it.") (citation omitted). Because our action is limited to the approved findings and sentence, we require that those approved findings and sentence at least be accurate, especially where, as here, the inaccuracy operates to the detriment of the appellant.

As in *Diaz*, the action in Appellant's case made no mention of findings, and the only documents describing the findings that the convening authority was required to consider before taking action, specifically, the SJAR and RRT, did not correctly describe the findings.[3] We now apply the rationale

---

[2] Appellant committed the offenses of which he was convicted after 24 June 2014; the maximum sentence of confinement that could be adjudged exceeded two years; and the adjudged sentence included a bad-conduct discharge. As a result, Appellant's offenses were not "qualifying." Article 60(c)(3)(B) and (D), UCMJ. The convening authority still had the discretion to disapprove, commute, or suspend in whole or in part Appellant's adjudged sentence of confinement for 30 days and reduction to the grade of E-3. Article 60(c)(4)(A), UCMJ.

[3] We echo the sentiment of our sister court: "This case presents the court with yet another incident in which a SJA has failed to provide complete and accurate information to the convening authority, as required by R.C.M. 1106. The regularity of these post-trial processing errors is alarming and occurs in many jurisdictions. Most SJAR errors are the direct result of sloppiness and a lack of attention to detail exhibited by the SJA, Deputy SJA, and the Chief of Criminal Law. Likewise, diligent trial defense counsel should identify and correct such errors whenever possible. These er-

*(Footnote continues on next page)*

from *Diaz* and find that the convening authority in Appellant's case implicitly approved the findings as they were reported to him in the SJAR and RRT. *Diaz,* 40 M.J. at 343. Because the SJAR and RRT misstated the findings and omitted any mention of the conditional dismissal of Specifications 2 and 3 of Charge II, we conclude "the action taken in reliance thereon is in error" and set it aside. *Id.* at 337; *see also United States v. Ord,* 63 M.J. 279 (C.A.A.F. 2006).

## III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

rors reflect poorly on our military justice system and on those individuals who implement that system. They should not occur!" *United States v. Lindsey,* 56 M.J. 850, 851 (A. Ct. Crim. App. 2002) (citation omitted).